UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------

| | |
|---|---|
| KURT JOHNSON, | CASE NO. 5:07-cv-167 |
| Plaintiff, | |
| vs. | OPINION & ORDER |
| | [Resolving Doc. No. 64] |
| CONNECTICUT GENERAL LIFE, | |
| INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 2, 2007, Plaintiff notified the Court of a discovery dispute regarding whether Plaintiff should be permitted to conduct discovery on whether Defendants had a conflict of interest in deciding Plaintiff's claims and the nature of any such conflict. On October 3, 2007, this Court held a status conference and gave leave for parties to brief the issue by October 9, 2007. For the reasons stated below, the Court finds Plaintiff shall be permitted to conduct discovery on the question of bias or conflict of interest.

The Court had previously denied Plaintiff discovery on conflict of interest claim because the Court was to review Plaintiff's failure-to-pay-benefits claim *de novo*. As the parties now agree that this claim should be governed by an arbitrary and capricious standard, the Court now finds Plaintiff's discovery regarding the conflict of interest claims is appropriate. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). Bias or conflict of interests must be

-1-

Case No. 5:07-cv-167
Gwin, J.

weighed as a factor when a Court determines whether a denial was arbitrary and capricious. *See Peruzzi v. Summa Med. Plan*, 137 F.3d 431 (6th Cir. 1998). As such, the Court can benefit from Plaintiff's discovery in considering the denial in this case. *See Calvert v. Firestar Finance, Inc.,* F.3d 286, 292 (6th Cir. 2005) (noting the court would have a better feel for the weight to give the conflict of interest had there been discovery).

The Employee Retirement Insurance Security Act ("ERISA"), which governs the claims in this case, limits a court's review of a denial of benefits to consideration of the administrative record upon which the administrator based the denial. *Wilkins*, 150 F.3d at 615. The Sixth Circuit, however, has recognized that consideration of evidence outside the administrative record may be appropriate in some circumstances:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Wilkins*, 150 F.3d at 619. It is unclear whether the Sixth Circuit requires some initial showing of bias before such discovery is allowed. *Compare Putney v. Medical Mutual of Ohio*, 111 Fed. Appx. 803 (6th Cir. Sep. 20, 2004) (affirming district court denying discovery because "mere allegation of bias is not sufficient to permit discovery under Wilkins' exceptions") *with Buchanan v. Aetna Life Ins. Co.*, 179 Fed. Appx. 304 (reversing district court denying discovery where Plaintiff had alleged a procedural violation via an affidavit that insurance company had not considered certain medical records).

Both parties agree that Defendant insurer decides both whether the employee is eligible for benefits and pays those benefits. In this circumstance, the Court presumes a conflict of interest.

Case No. 5:07-cv-167
Gwin, J.

*Evans v. Unum Provident Corp.*, 434 F.3d 866, 876 (6th Cir. 2006).

In *Calvert v. Firestar Finance, Inc.* the Sixth Circuit presumed prejudice under *Evans*. 409 F.3d 286, 292 (6th Cir. 2005). The Court noted in a footnote that it would have "a better feel for the weight to accord this conflict of interest if Calvert had explored the issue through discovery." *Id.* at n.2; *see also Kalish v. Liberty Mutual/Liberty Life Assur. Co. of Boston*, 419 F.3d 501 (6th Cir. 2005).

Whether or not the Plaintiffs must make a threshold showing, Plaintiff has met it here. Even in the cases requiring an initial showing, a showing of a significant financial relationship between the insurer and the reviewer is adequate. *See, e.g., Bradford v. Metro. Life Ins. Co.*, No. 3:05-CV-240, 2006 U.S. Dist. LEXIS 20886 (E.D. Tenn. April 14, 2006) (allowing discovery regarding the relationship between defendant insurer and the doctor who reviewed and denied the claims where Plaintiff showed the doctor was president and CEO of a company which contracts with the insurer and 850 file reviews for it in 2003, receiving over $ 550,000 in compensation.); *Powell v. Hartford Fin. Servs. Group, Inc.*, NO. 1:06CV-134-M, 2007 U.S. Dist. LEXIS 17311 (W.D. Ky. March 8, 2007) (granting discovery on a showing that defendant insurance company had used the same doctor to deny claims 34 times). An employment relationship is an even stronger showing as that triggers a presumption of prejudice. *See Calvert,* 409 F.3d at 292.

Defendants argue that because the Court must presume a conflict of interest, no additional discovery is needed or available. The Court disagrees. In *Calvert*, the Sixth Circuit presumed a conflict of interest for the same reason the Court does in this case. *Id.* The *Calvert* Court also noted, however, that discovery would have been helpful to show what weight to give the conflict. *Id.* That is exactly what the Plaintiff seeks here.

Case No. 5:07-cv-167
Gwin, J.

Plaintiff also seeks discovery about post-claim underwriting to determine whether claims underwriters' salaries are dependent on acceptance or rejection of claims. This seems fully within the scope of conflict of interest discovery already discussed. Defendant argues that Plaintiff has failed to claim a violation of due process in his arguments about post-claim underwriting. The Court understands his letter, however, to state that he is looking for information about a potential conflict of interest. The Court already has stated it presumes a conflict in this case, and so such discovery is warranted.

IT IS SO ORDERED.


Dated: October 11, 2007                     s/      *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE