UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
KURT JOHNSON,                    :           CASE NO. 5:07-cv-167
                                            :
          Plaintiff,                   :
                                            :
vs.                                      :           OPINION & ORDER
                                            :           [Resolving Doc. No. 93]
CONNECTICUT GENERAL LIFE,  :
INSURANCE COMPANY, *et al.*,   :
                                            :
                                            :
          Defendants.                :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this opinion and order, the Court decides whether to stay its judgment, pending appeal without a posting of a supersedeas bond. [Doc. 93].  Plaintiff Johnson opposes the stay without bond. [Doc. 94].  For the reasons stated below, the Court **DENIES** the motion.

On February 12, 2008, the Court issued a judgment on the administrative record, finding that the Defendant had acted in an arbitrary and capricious manner in rescinding the decedent Kristen Johnson's coverage. [Doc. 86].  On March 13, 2008, the Court ordered the Defendant pay costs, attorney's fees, and prejudgment interest. [Doc. 92].  On that same day, the Defendant posted a notice of appeal. [Doc. 90].  On March 17, 20078, the Defendant asked this Court to stay its judgment and waive posting of a supersedeas bond. [Doc. 93].

Federal Rules of Civil Procedure 62(d) states:

> Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2).  The bond may be given upon or after filing the notice of appeal or after obtaining the order

allowing the appeal. The stay takes effect when the court approves the bond. Where a bond is required, "an appellant is entitled to a stay pending appeal as a matter of right." *Barrett v. Detroit Heading, LLC*, 2007 U.S. Dist. LEXIS 66583, 2007 WL 2649714, *1 (E.D. Mich.). The Sixth Circuit has held, however, that this "rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right[;] it does not speak to stays granted by the court in accordance with its discretion." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). The trial court has discretion to determine whether to require the bond.

The Sixth Circuit has not explained what factors a district court should consider in determining whether to require a bond. In *Arban*, it held that a district court did not abuse its discretion in denying a request for bond when the defendant could clearly satisfy the judgment, noting that in that case, it would be a waste of money to require a bond. *Id.*

Many district courts, however, have held that "'a full supersedeas bond should almost always be required' and should only be excused where the appellant has demonstrated the existence of extraordinary circumstances." See *Verhoff v. Time Warner Cable, Inc.*, 2007 U.S. Dist. LEXIS 93312, 2007 WL 4303743, at * 4 (N.D. Ohio)(listing cases). These cases have required bonds even when the defendant clearly had the ability to pay. *United States ex rel. Gonter v. General Dynamics*, 2006 U.S. Dist. LEXIS 92512, 2006 WL 3783140, *3 (N.D. Ohio) ("It does not follow that courts must grant an unsecured stay when the movant clearly can pay the judgment. To so conclude would obliterate Rule 62(d)'s dual protection functions; Rule 62(d) establishes the appellant's right to a stay but also the appellee's right to have a bond posted securing the stay").

In this case, the Defendant Cigna puts forth no extraordinary circumstance for this Court to consider. It rather argues that it should not be required to post bond as it will have the ability to pay.

The Court considers that Defendant Cigna likely will have the ability to pay the judgment. In this uncertain financial environment, however, the risk that it would not have that ability is rightly placed with the appellant, not the appellee.

The Court, therefore, will require the bond.  Typically, courts require the bond to include the full judgment amount, including any attorney's fees and costs, and the post-judgment interest.  *See id*. at *8.  This Court will also require bond in amount of supplement benefits that the Court found the Defendant arbitrarily denied the Plaintiff, the attorney's fees and costs that the Court has already awarded, and post-judgment interest: .

For the reasons stated above, the Court **DENIES** the Defendant's motion to stay the judgment without a supersedeas bond.  The Court requires bond in the amount of $270,000.00

IT IS SO ORDERED.


Dated: April 1, 2008                             s/         *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE